UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

THOMAS PARKER, III,

    Petitioner

v.

WARDEN STEVIE KNIGHT,

    Respondent
_____

Civil Action No. 23-2929 (RMB)

**OPINION**

RENÈE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon Petitioner Thomas Parker III's petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., Docket No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a judge must promptly examine the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." § 2254, Rule 4. For the reasons discussed below, it plainly appears from the petition, attached exhibits, and the docket in *United States v. Parker*, Criminal No. 8:18-cr-00344-TDC-7 (D. Md.) ("*Parker*, No. 18-cr-00344-TDC-7")[1] of which this Court takes judicial notice, that this Court lacks jurisdiction over the petition.

---

[1] Available at www.pacer.gov.

I.  **BACKGROUND**

Petitioner, a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, is challenging his July 2021 conviction and sentence for conspiracy to distribute and possession with intent to distribute controlled substances in the United States District Court, District of Maryland, claiming that he is no longer eligible for a sentence enhancement based on *U.S. v. Norman*, 935 F.3d 232 (4th Cir. 2019), which held that conspiracy to possess with intent to distribute controlled substances under 21 U.S.C. § 846 is not a predicate controlled substance offense under the Career Offender Sentencing Guideline, U.S.S.G. § 4B1.2. (Pet., Docket No. 1 at 13.)  Petitioner seeks to proceed under 28 U.S.C. § 2241 or alternatively under 28 U.S.C. § 2255. (*Id.*)

On March 11, 2021, Petitioner waived indictment and pled guilty to a Superseding Information on Count One, conspiracy to distribute and possess with intent to distribute Fentanyl, heroin, cocaine and cocaine base, and distribution of heroin (Docket No. 614).  Judgment was entered on July 16, 2021, in the District of Maryland, with imposition of a 90-month term of imprisonment on each count, to run concurrently. (Docket No. 635.)  Petitioner did not appeal his sentence or file a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  Petitioner requests that if this Court determines his petition should be treated as a motion under § 2255, that the Court transfer the petition to the U.S. District Court, District of Maryland. (Pet., Docket No. 1 at 13.)

## II. DISCUSSION

### A. The § 2255(e) Saving Clause

Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under § 2241 for federal prisoners, for the purpose of allowing prisoners to file motions seeking collateral review of their sentences in the sentencing court rather than in the district of confinement. *Bruce v. Warden Lewisburg*, 868 F.3d 170, 178 (3d Cir. 2017). A federal prisoner must seek collateral review of his conviction or sentence under § 2255, unless the prisoner can establish that the saving clause of § 2255(e) is applicable. *Id.* The saving clause applies when the remedy by motion under § 2255 is inadequate or ineffective to test the legality of a prisoner's sentence. *Bruce*, 868 F.3d at 178 (citing § 2255(e)).

In 1996, Congress added significant gatekeeping provisions to § 2255, restricting second or successive § 2255 motions solely to instances of "newly discovered evidence" or "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* at 179 (quoting § 2255(h)). Congress did not address how a prisoner could raise a claim on collateral review when the federal criminal statute of conviction has since been interpreted more narrowly. *Id.* Thus, the Third Circuit determined that "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-

conviction review under § 2241." *Id.* (quoting *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

To proceed under § 2241, two conditions must be met: (1) a prisoner must assert a claim of actual innocence because he is detained for conduct subsequently rendered non-criminal by an intervening Supreme Court precedent that, as found by the Third Circuit, applies retroactively in cases on collateral review; and (2) the prisoner must be barred from challenging the legality of his conviction under § 2255; in other words, the prisoner "'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" *Cordaro v. United States*, 933 F.3d 232, 239-40 (3d Cir. Aug. 5, 2019) (quoting *In re Dorsainvil*, 119 F.3d at 252.)

### B. Analysis

Petitioner's claim does not fit the § 2255(e) safety valve because Petitioner does not allege his actual innocence *of his crime of conviction* based on an intervening Supreme Court case that applies retroactively on collateral review. *See, Dorsainvil*, 119 F.3d at 252 (emphasis added); *Davis v. Warden Allenwood FCI*, 818 F. App'x 147, 149 (3d Cir. 2020) ("we have never applied *Dorsainvil* to 'issues that ... arise regarding sentencing'" (quoting *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103 (3d Cir. 2017)). It appears that Petitioner has not filed a § 2255 motion in his sentencing court. The Supreme Court has recognized "that § 2255 may remedy a nonconstitutional claim such as a flawed sentence in two circumstances" ... where "a sentencing error resulted in 'an omission inconsistent with the rudimentary demands of fair procedure'" *United States*

*v. Timmreck*, 441 U.S. 780, 783 (1979) (citation omitted) … and "if a sentencing error constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice[.]'" *United States v. Folk*, 954 F.3d 597, 602 (3d Cir. 2020). This Court makes no determination of the timeliness or merits of Petitioner's claim but will construe the § 2241 petition as a motion under § 2255 and transfer to Petitioner's sentencing court to cure want of jurisdiction, pursuant to 28 U.S.C. § 1631.

### III.   CONCLUSION

For the reasons set forth above, the Court will transfer the petition for want of jurisdiction. An appropriate Order follows.

Date: June 1, 2023

> s/Renée Marie Bumb
> RENÉE MARIE BUMB
> Chief United States District Judge